The State, *ex rel.* Attorney General, *v.* Witz *et al.*

*G. M. Ballard, H. D. Thompson* and *T. B. Orr,* for appellants.

*J. R. Marshall* and *W. F. McNagny,* for appellee.

---

No. 9933.

THE STATE, EX REL. ATTORNEY GENERAL, *v.* WITZ ET AL.

ALIEN.—*Escheats.*—*Descents.*—*Pleading.*—A complaint by the State to recover lands as escheated, alleging that in 1858 A. died intestate, seized, leaving no heirs in the United States capable of inheriting, and that M. D., only sister of the intestate, and a resident of the German empire, conveyed the lands in August, 1881, to the defendant W., is bad by reason of the statute of 1861, 1 R. S. 1876, p. 61.

SAME.—In such case, the complaint, to show title in the State, must allege, either that the decedent was a non-resident of the State at the time of his death, or, if a resident, that he left no non-resident alien heirs, or, if any, that they did not convey the land during eight years immediately after the passage of the act of 1861.

From the White Circuit Court.

*D. P. Baldwin,* Attorney General, —— *Guthrie* and *T. M. Bushnell,* for appellant.

*M. M. Sill, T. F. Palmer, A. W. Reynolds* and *E. B. Sellers,* for appellees.

BEST, C.—This action was brought by the State, on the relation of the attorney general, to recover forty acres of land in White county. The complaint averred, in substance, that,

on the 1st day of July, 1852, Philip ·Knapp purchased the land described of the United States, and that he owned it until his death; that he died intestate in 1858, leaving no heirs in the United States capable of inheriting said land, and that the same escheated to the State of Indiana, for the benefit of the common school fund; that Margaret Watson and Henry Downing claim an interest in said land adverse to the plaintiff by virtue of a tax title, and that Martin Witz claims the land by virtue of a deed made on the 12th day of August, 1881, by Margaretha Luley, only sister and heir of said decedent, who is an alien and citizen of the German empire. Prayer, that the claims of the appellees may be declared void, and that the plaintiff may recover the land, etc.

Martin Witz filed a separate answer of four paragraphs, and the other appellees joined in an answer of two paragraphs. A demurrer was overruled to the fourth paragraph of Martin Witz's answer, and to the second paragraph of the joint answer. The plaintiff declining to further plead, final judgment was rendered for the appellees. The plaintiff appeals, and assigns as error the ruling of the court in holding these paragraphs of the answers sufficient. These paragraphs were alike, and allege, in substance, that the land, on the 3d day of January, 1859, was sold by the treasurer of White county, Indiana, for taxes due on said land for the years 1857 and 1858, to John Mullendore, to whom a deed was made by the auditor of said county on the 16th day of March, 1863, in pursuance of said sale; that said Mullendore at once took possession of said land, and that he and his grantees have since been in the uninterrupted and adverse possession of the same; that the appellees are remote vendees of said· Mullendore, are in possession, and claim title through him. Wherefore, etc.

The demurrer to these paragraphs questions the sufficiency of the complaint. If that was not good, the ruling upon the demurrer was right though the paragraphs were insufficient. The appellees claim that the complaint was insufficient be-

cause it does not aver that there were no heirs residing out of the United States at the death of the decedent. This position is based upon the provisions of the act of March 9th, 1861, which provides, "That it shall be lawful for any non-resident alien to acquire real estate in this State by descent or devise, and to hold, sell, alienate and convey the same as if he or she were a citizen of the United States. But the time during which such alien may thus hold, sell, alienate and convey said real estate shall expire eight years after the final settlement of the decedent's estate from which such real estate was derived."

The 2d section provides that if such non-resident alien, who has acquired land for such limited time, shall die before the expiration of such time, then his heirs, if *bona fide* residents of the United States, shall inherit and succeed as they would have done if their ancestor had been a resident of the United States.

The 3d section provides that the non-resident alien heirs of any residents of this State who shall have died before the passage of this act "may, during the period of eight years, from and after the passage of this act, hold, alien, sell and convey in fee simple, any such real estate, in the same manner as they could do had their ancestors or devisors departed this life subsequent to the passage of this act: *Provided*, The estate is not already vested in resident heirs."

Under the provisions of this act non-resident alien heirs may inherit real estate. This they may do whether the ancestor died before or after the passage of the act. If he died after its passage, such heirs will inherit and hold the estate for eight years after the final settlement of the decedent's estate, and if, during such time, such alien heirs die, leaving heirs residing in the United States, such resident heirs will take and hold such real estate in fee simple. If such ancestor is a resident of this State, and dies before the passage of the act, leaving non-resident alien heirs, such heirs will inherit and hold such real estate for eight years after the passage of the act, and if, during such time, such heirs convey such real es-

The State, *ex rel.* Attorney General, *v.* Witz *et al.*

tate, the purchaser will acquire by such conveyance the title in fee to said real estate.

The complaint does not aver that Philip Knapp was a non-resident of this State at the time of his death, nor that he did not leave surviving him non-resident alien heirs. If he resided in this State at the time of his death, and left non-resident alien heirs, who, during eight years after the passage of the above named act, conveyed the land in question, the same did not escheat to the State. In order to show title in the State it was not enough to allege that the decedent died before the passage of the act mentioned, and that he left no heirs in the United States capable of inheriting; but it was necessary also to allege, either that he was not a resident of this State, or that he left no non-resident alien heirs; or, if any, that they did not convey the land during eight years immediately after the passage of said act. It is averred that he left a sister, an only non-resident heir, and that she conveyed, on the 12th of August, 1881; but this averment is not equivalent to an averment that she did not convey within eight years after the death of the decedent. It was incumbent upon the appellant to show title in the State, and as the State could only take in the absence of heirs, or on their failure to convey, it was necessary to negative such facts as show that the title may be elsewhere. All the facts averred may be conceded, and yet it does not follow that the land has escheated to the State. The complaint was insufficient, and, this being true, the ruling upon the demurrer was proper; for whether the paragraphs of the answer were good or bad, they were sufficient for an insufficient complaint. For these reasons the judgment should be affirmed.

PER CURIAM.—It is therefore considered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the appellant's costs.