No. 10,683.

### FISHER v. PAYNE.

CONVEYANCE.—*Infant Married Woman.*—*Interest in Husband's Real Estate.*— By the provisions of sections 2939, 2940 and 2941, R. S. 1881, a married woman less than twenty-one and more than eighteen years of age has been authorized to execute a valid conveyance of her interest in her husband's lands in this State, by uniting with him in a deed, with the consent of her father—if no father, with the consent of the mother, and if neither father or mother, with the consent of the circuit judge, to be manifested in accordance with the formalities of the statute.

SAME.—*Disaffirmance.*—*Action to Recover Real Estate.*—*Complaint.*—A complaint by such woman to recover her interest in the lands of her husband, conveyed by them in 1863, on the ground that after her husband's death, and after she attained full age, she disaffirmed such conveyance, is insufficient on demurrer, when it is not averred that such conveyance was made without the consent of father, mother or circuit judge.

From the Johnson Circuit Court.

*O. J. Glessner, E. K. Adams* and *L. J. Hackney,* for appellant.

*S. P. Oyler* and *W. A. Johnson,* for appellee.

BEST, C.—The appellant brought this action against the appellee to obtain partition of certain lands in the complaint described.

The complaint consisted of three paragraphs. Each averred, in substance, that on the 15th day of February, 1863, the appellant was the wife of Willis C. Fisher, who owned the undivided one-half of said lands, and on said day she joined him in the conveyance of the same to Willis T. Webb and William Needham ; that at the time of such conveyance she was less than nineteen years of age, and that she continued the wife of said Fisher until the — day of July, 1880, when he died intestate ; that the appellee is now in possession of said lands, claiming to own them, and that on the 23d day of February, 1882, she gave him notice in writing that she was an infant when said conveyance was made, and that she revoked and disaffirmed the same. Wherefore, etc.

A demurrer for the want of facts was sustained to each of these paragraphs, and this ruling presents the only question in the record.

The appellant's claim to any portion of this land is based upon the assumption that her deed was voidable, and that her act of disaffirmance invalidated it. If her deed was not voidable, she is not entitled to recover any portion of the land, and hence it was incumbent upon her to aver such facts as show that she might avoid the deed. The only averment upon this subject is, that she was less than nineteen years of age when she joined her husband in the conveyance. This was not, in our judgment, sufficient. At the time this conveyance was made, the law empowered a married woman who was over eighteen years of age to join her husband in the conveyance of his land by the observance of certain formalities, and such conveyances are valid.

The statute then in force provided that any married woman more than eighteen and less than twenty-one years of age may convey her right to any lands of her husband sold and conveyed by him, by executing and acknowledging the execution of such conveyance, if the father, or in case there is no father, if the mother, shall declare before the officer taking the acknowledgment that he or she believes that such conveyance is for the benefit of such married woman, and that it would be prejudicial to such married woman and her husband to be prevented from disposing of such lands, which declaration, with the name of the father or mother, shall be inserted as a part of the certificate of the officer taking such acknowledgment. Section 2939, R. S. 1881.

If there is neither father nor mother living, such conveyance may be made by obtaining the assent of the circuit judge. Sections 2940 and 2941, R. S. 1881.

It will thus be seen that, at the time the conveyance in question was made, the law empowered a married woman more than eighteen years of age to join her husband in the conveyance of his land, and when executed by her in accordance

with the statute, the conveyance was binding, and could not afterwards be disaffirmed by her. It was incumbent upon her, as before remarked, to show that her deed was voidable. The averment is that she was less than nineteen years of age, and hence the inference is that she was more than eighteen. Being more than eighteen, the law enabled her to make a valid conveyance of her right in her husband's lands by joining him therein with the consent of father, mother or circuit judge. The averment is that she joined her husband in the conveyance, but she does not aver that this was done without the consent of father, mother or circuit judge. This must be done in order to show that the deed is voidable. *State, ex rel.,* v. *Witz,* 87 Ind. 190.

The averment that a married woman, more than eighteen years of age, joined her husband in the conveyance of his lands in this State in 1863, does not show that such conveyance is voidable, and, therefore, each paragraph of the complaint was insufficient, and the demurrer was properly sustained. The judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the appellant's costs.